UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
JOSE MIGUEL VASQUEZ,                             :       2003 Civ. 3905 (RJH)
                                                 :
                Plaintiff,                       :
                                                 :
        -against-                                :       **MEMORANDUM OPINION**
                                                 :       **AND ORDER**
                                                 :
P. MILL, C. HEALY, G. BALDERACHHI,               :
P. GOODE and M. MAURO,                           :
                Defendants.                      :
---------------------------------------------------------------x

  *Pro se* plaintiff Jose Miguel Vasquez brought this action against five United States Custom Agents in their individual capacities (collectively "defendants"), alleging that defendants unlawfully assaulted him during an arrest and denied him proper medical attention following his detention in violation of 42 U.S.C. § 1983. Vasquez is proceeding *in* forma pauparis and is currently incarcerated at the Federal Correctional Institution in Lorretto, Pennsylvania. Defendants have now moved to dismiss the complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure based on plaintiff's failure to effect proper service of the summons and complaint. A hearing on defendants' motion to dismiss was held on July 28, 2005. Plaintiff attended by telephone with the assistance of a Spanish-speaking employee of the Pro Se Office. For the reasons set forth below, the Court denies defendants' motion without prejudice and grants Vasquez an extension of 90 days to serve the summons and complaint on defendants.

1

**BACKGROUND**

The substance of Vasquez's complaint arises from his arrest on February 19, 2002. Vasquez claims he was handcuffed and beaten by one of the defendants during the arrest and the other defendants participated in this arrest. As a result of this alleged beating, Vasquez claims his shoulder was injured.

Following the arrest, Vasquez was detained at the Metropolitan Detention Center ("MDC"). On May 29, 2003, Vasquez filed the present complaint, in which he alleges that defendants unlawfully assaulted him during the February 19, 2002 arrest and denied him proper medical treatment following his detention at the MDC. By unpublished Order dated May 29, 2003, Judge Mukasey: (1) dismissed Vasquez's § 1983 claim for inadequate medical attention for improper venue; and (2) granted Vasquez's request to proceed *in forma pauparis* with respect to his § 1983 claim seeking monetary relief for his injuries suffered during the February 19, 2002 arrest. *Vasquez v. Mill et al.,* No. 3 Civ. 3905 (S.D.N.Y. 2003).

On November 21, 2003, the Court directed Vasquez to explain why in writing he has failed to serve the summons and complaint within the 120 days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure, or alternatively, to set forth the dates and manner in which defendants were served. In a letter dated November 25, 2003, Vasquez conceded he had not properly served defendants. He further requested a continuance after explaining that the paralegal providing him assistance had been incarcerated. On December 2, 2003, the Court directed plaintiff to serve defendants by January 26, 2004.

By letter dated April 29, 2004, Vasquez again requested an extension to serve his summons and complaint on defendants. On May 4, 2004, the Court granted the request

and extended the time to serve by 30 days. On May 17, 2004, Vasquez attempted to serve each defendant by certified mail addressed to the United States Courthouse in the Southern District of New York.

## DISCUSSION

When the defendant seeks to dismiss a complaint based on Rule 12(b)(5) for insufficiency of service, "the plaintiff bears the burden of proving its adequacy." *Mende v. Milestone Technology, Inc*., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (internal citations and quotations omitted). Since plaintiff has sued U.S. Customs Agents in their individual capacities, he must satisfy the requirements set forth in Rule 4(i)(2)(B), which provides:

> Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

Fed. R. Civ. P. 4(i)(2)(B). According to Rule 4(i)(1), plaintiff must effect service on the United States by (1) sending the summons and complaint by personal delivery or certified mail to the United States Attorney in the Southern District of New York; or (2) sending the summons and complaint by registered or certified mail to the Attorney General of the United States. To effect service on the employees themselves – assuming that they are located within the United States – plaintiff may (1) follow the requirements under New York law for service[1]; (2) deliver the summons and the complaint to the individuals

---

[1] Under N.Y. C.P.L.R. § 308, personal service upon a natural person shall be made by any of the following methods:
        1. by delivering the summons within the state to the person to be served; or
        2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by

personally or leave copies at the individual's house with a person of suitable age; or (3) leave a copy to an agent authorized by law to receive service of process. N.Y. C.P.L.R. § 308; Fed. R. Civ. P. 4(e).

Rule 4(m) of the Federal Rules of Civil Procedure further requires a plaintiff to effect proper service on defendants within 120 days of filing the complaint. Fed. R. Civ. P. 4(m). In this instance, there is no dispute that Vasquez sent a copy of the summons and complaint to each defendant by certified mail addressed to this courthouse on May 17, 2004 after filing the complaint on May 29, 2003. Clearly, Vasquez has failed to satisfy any of the prescribed methods for proper service as set forth in Rule 4(i).

---

either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law; or
3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;
4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;
5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.
N.Y. C.P.L.R. § 308.

Accordingly, the Court finds that Vasquez has not effected proper service under Rule 4(i), and that further, the 120-day period has expired under Rule 4(m).

Since the 120-day period has elapsed, the Court is entitled to dismiss the complaint without prejudice unless the plaintiff shows "good cause" for failure to timely serve summons and complaint on the opposing party. Fed. R. Civ. P. 4(m) ("if the plaintiff shows good cause for the failure, the court *shall* extend the time for service for an appropriate period.") (emphasis added). Plaintiff may demonstrate good cause where "insufficiency of service results from circumstances beyond the plaintiff's control." *Feingold v. Hankin,* 269 F.Supp.2d 268, 276 (S.D.N.Y. 2003); *Coram Healthcare Corp. v. Cigna*, No. 00 Civ. 2677 (RMB), 2002 U.S. Dist LEXIS 23307, at *31 (S.D.N.Y. July 23, 2002).

In support of his argument that he has shown good cause for the delay, Vasquez merely claims that he inadvertently mailed the copy of the complaint and summons to the incorrect address on May 4, 2004. Since Vasquez has failed to explain how circumstances beyond his control resulted in his inability to effect service, the Court concludes that Vasquez has not established good cause. *Feingold,* 269 F.Supp.2d at 277.

The Court may nevertheless grant a continuance even without good cause. *See* Fed. R. Civ. P. 4(m) Advisory Comm. Note (a continuance may be granted "even if there is no good cause shown"); *Henderson v. United States,* 517 U.S. 654, 662 (1996); *Coram Healthcare Corp.,* 2002 U.S. Dist. LEXIS 23307, at *33. In determining whether a continuance is appropriate, a court may consider: (1) whether the statute of limitations would bar the re-filed action; (2) whether the defendant had attempted to conceal the defect in service; (3) whether the defendant had actual notice of the claims asserted in the

complaint; and (4) whether the defendant would be prejudiced by the granting of plaintiff's relief from the provision. *Feingold,* 269 F.Supp.2d at 277; *Coram,* 2002 U.S. Dist. LEXIS 23307, at *33.

The applicable statute of limitations for § 1983 claims in New York is three years, which begins to run from the moment plaintiff is aware of the injury on which the claim is based. *Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 331-32 (2d Cir. 1997). Because, as Vasquez acknowledges, he was aware of the injury as of February 19, 2002, any re-filed action would be barred by the statute of limitations. Significantly, defendants have failed to assert that they would be prejudiced by a continuance, and nothing in the record indicates the possibility of prejudice arising from plaintiff's untimely service. *Charles v. NewYork City Police Dept., et al.*, No. 96 Civ. 9747 (WHP) (THK), 1999 U.S. Dist. LEXIS 14274, at *24 (S.D.N.Y. Sept. 15, 1999) (exercising discretion to grant plaintiff continuance because the statute of limitations would bar plaintiff from re-filling her suit against the individual defendants and defendants failed to demonstrate prejudice arising from untimely service).

Accordingly, the Court denies defendants' motion to dismiss without prejudice [13] in its entirety and directs Vasquez to effect proper service under Rule 4(i) within 90 days of this Opinion and Order. **However, the Court advises plaintiff that <u>no further extensions</u> will be granted, and that if he fails to effect proper service, his claims may be dismissed.**

Because Vasquez is proceeding *in forma pauparis,* the U.S. Marshal's Service will effect service on his behalf and at no cost to the plaintiff provided he fills out the appropriate paperwork. Fed. R. Civ. P. 4(c). The Court requests the *Pro Se* Office in the

Southern District of New York to mail to plaintiff [Jose Vasquez, 52494-054, c/o FCI Lorretto, P.O. Box. 1000, Lorretto, PA 15940] a sufficient number of summons and any other paperwork necessary to effect service on defendants. Counsel for defendants is requested to provide to plaintiff, with a copy for the Court, the last known address of each individual defendant. Plaintiff may contact the Pro Se Office of this Court at 500 Pearl Street, Room 230, (212) 805-0175, where Spanish-speaking assistance is available for assistance.

SO ORDERED.

Dated: New York, New York
August 2, 2005

_____
Richard J. Holwell
United States District Judge